**Coblentz
Patch Duffy
& Bass LLP**

One Ferry Building, Suite 200
San Francisco, CA 94111-4213

T 415 391 4800

coblentzlaw.com

Jeffrey G. Knowles
D 415.772.5795
jknowles@coblentzlaw.com

August 1, 2014

**VIA ECF**

The Honorable Alison J. Nathan, USDJ
Thurgood Marshall Courthouse
40 Foley Square, Courtroom 906
New York, New York 10007

Re: *Church & Dwight Co., Inc. v. SPD Swiss Precision Diagnostics GmbH*, No. 14-cv-585 (AJN)

Dear Judge Nathan:

As you know, we represent SPD Swiss Precision Diagnostics GmbH ("SPD") in the above-referenced case.  We write in response to the July 30, 2014, letter to Your Honor from Michael Mervis on behalf of Church & Dwight Co., Inc. ("C&D").

We regret that, in the midst of an unfinished meet-and-confer process, C&D chose not only to burden the Court with an avoidable dispute but to mischaracterize both the status of discovery and SPD's position on the issues.  When those mischaracterizations are corrected, the appropriate resolution is apparent.  C&D's preferred outcome – moving back the trial date to mid-January/early February – is impossible because SPD's counsel are scheduled to be in another trial at that time.  Accordingly, a slightly modified version of C&D's "alternative" scheduling proposal (which SPD had already proposed) is appropriate.

Certain related issues do require the Court's intervention: the identities, location and dates of deposition for UK-based witnesses C&D wishes to depose.  Preferring to treat these issues as bargaining chips, C&D has refused to take a position on them.  C&D should be ordered to identify immediately all UK witnesses it seeks to depose, the location of such depositions should be set for London, and the deposition of UK witness Mark Gittins should be scheduled for September 5, 2014.

**The Status of Discovery**

C&D portrays SPD as recalcitrant in producing documents, asserting, for example, that SPD took "three months to produce its 510(k) file" thereby demonstrating "disregard for the schedule set by the Court."  This is fiction.  SPD has timely complied with every order issued by the Court and diligently pursued its discovery obligations.  First, in accordance with the Court's pre-discovery order of March 21, 2014, SPD timely produced ***every*** post-clearance communication between SPD and the FDA.  [Dkt. 33]  C&D propounded document requests in May and, in June, the parties crystallized a discovery disagreement the Court resolved in an order issued on June 25.  [Dkt. 117]

On July 7 – ***only 8 working days after the Court's order was issued*** – SPD produced not only the 510(k) file that was the subject of the Court's order, but ***another*** 510(k) file as well as ***three separate "pre-IDE" proceeding files*** related to the Weeks Estimator product.  In

13277.008 2904368v1

Coblentz
Patch Duffy
& Bass LLP

The Honorable Alison J. Nathan
August 1, 2014
Page 2

addition, SPD has produced the entirety of its communications with the FTC – documents that ***the Court had declined to order SPD to produce***.  When C&D submitted its letter, SPD had produced over 4,000 pages of documents related to the Weeks Estimator product.

Today, SPD is producing **nearly 14,000 additional pages, including the internal marketing documents that C&D's letter suggests SPD is deliberately withholding**.  This is more than twice the volume of documents produced by C&D.  Moreover, before C&D submitted its letter, SPD had ***voluntarily*** committed to complete its document production, absent unforeseen developments, by the date C&D now asks the Court to order:  August 8, 2014.

None of this is news to C&D's counsel.  Indeed, the most disturbing aspect of C&D's letter is the innuendo that counsel for SPD has been uncooperative in this process, or worse, unmindful of the Court's instruction.  The opposite is true:  we have been **in nearly daily contact with counsel for C&D**, and have kept them well-informed throughout this process as to the status of the rolling production, which has included tranche after tranche of requested documents.[1]

C&D's characterization of the deposition scheduling process is also profoundly misleading; indeed, it is C&D that has been obstructionist.  On July 7, 2014, C&D propounded deposition notices for Ryan Daly (Marketing Director), Mark Gittins (Regulatory Affairs Director) and SPD as an entity under Rule 30(b)(6).  Despite C&D's knowledge that neither witness resides or works in New York City, C&D set the depositions to occur there on July 21 and 23.[2]

We promptly informed counsel that the depositions would need to be taken in Boston (where Mr. Daly is based) and in London (which is about 1.5 hours from where Mr. Gittins is based).  We also identified Messrs. Daly and Gittins as SPD's Rule 30(b)(6) witnesses.  On July 15, we offered to make Mr. Gittins available on August 15.  Mr. Daly was not available until September 8, **so SPD proposed to stipulate, subject to Court approval, to holding his deposition after the existing September 5 cutoff**.[3]  SPD also asked C&D – which had by then been in possession of the documents at the core of this case for more than two weeks – to identify other witnesses it may wish to depose – especially those located abroad.

After we estimated the completion date for document production to be August 8, 2014, C&D rejected August 15 for Mr. Gittins' deposition and proposed to extend all dates, including the trial

---

[1] Attached as Exhibit A is the relevant meet-and-confer correspondence C&D neglected to submit.

[2] Taken at face value, these notices demonstrate a willingness to conduct these depositions with less than two weeks to review documents – a timeframe that C&D now argues is unacceptable.  Accordingly, C&D either issued these notices with no intention of honoring them or it is posturing now about how much preparation time it needs – or both.

[3] Mr. Mervis refers to this proposal as "astonishing," implying that Mr. Daly's very full schedule is a fabrication.  The fact is that Mr. Daly is entirely booked with business travel and meetings in the first half of August, has a long-planned family vacation in the second half of August and a series of major client meetings in the first week of September.

13277.008 2904368v1

Coblentz
Patch Duffy
& Bass LLP

The Honorable Alison J. Nathan
August 1, 2014
Page 3

date, by 30-45 days.  C&D's stated reason was that it would otherwise not have enough time to review documents prior to taking depositions.  In response, SPD proposed to extend the cutoff for depositions only to September 26.  SPD offered September 5 for the Gittins deposition.  SPD proposed to adjust some other discovery dates slightly beyond the dates proposed by C&D.

C&D responded that it sought not just to allow sufficient time to review documents but also to allow time for motion practice and follow-up written requests.  When SPD responded that it was not inclined to build extra discovery stages into the schedule beyond that originally contemplated by the expedited trial schedule, C&D submitted its letter to the Court without ever responding to the proposed September 5 date for Mr. Gittins' deposition, nor indicating whether it will agree to conduct that deposition in London (or Mr. Daly's deposition in Boston).  Similarly, despite numerous requests by SPD, C&D never identified any other witnesses in the UK it may wish to depose, though the documents produced more than three weeks ago should easily enable it to do so.

**Proposed Resolution**

After extended discussion between counsel, the parties agreed, and the Court ordered, that the trial in this matter will begin on December 8, 2014.  Trial was expedited (and discovery truncated) because C&D claimed urgency.  Now C&D seeks a delay of the trial date, though it is clear no such delay is necessary to accommodate discovery – the ostensible basis for the request.  In any case, counsel for SPD, Jeffrey Knowles and Julia Greer, are set for trial in a case pending in the Northern District of California beginning on January 26, 2015.  It would be highly prejudicial to SPD to move the trial to conflict with that pre-existing obligation for a another client.

Anticipating rejection of its request, C&D proposes an "alternative" resolution.  With minor adjustments, SPD has no objection to this proposal:  (a) SPD has already agreed to complete its production by August 8; (b) while Mr. Daly cannot appear on August 18 (he will be on a long-planned family vacation), he will cancel his business travel and meetings for the previous week and make himself available on August 15 if C&D prefers that date to September 8; (c) SPD will agree to extend the deposition discovery cutoff to September 26, with C&D reserving rights to seek relief if warranted by the deposition discovery; and (d) the expert discovery cutoff should be extended to November 14, rather than November 7.

Finally, C&D should be ordered to (a) identify immediately all UK-based witnesses it wishes to depose; (b) take all such deposition in London (where C&D was ordered to take such depositions in the previous litigation and where its counsel has an office); and (c) commit to take Mr. Gittins deposition on the date SPD proposed:  September 5, 2014.

Respectfully,

/s/ *Jeffrey G. Knowles*


Attachment


13277.008 2904368v1

# EXHIBIT A

| | |
|---|---|
| **From:** | Greer, Julia D. |
| **Sent:** | Tuesday, July 08, 2014 4:22 PM |
| **To:** | Vinti, Baldassare |
| **Cc:** | Goldstein, Richard M.; Mervis, Michael T.; Warshafsky, Jeffrey H.; Yang, Jennifer; Knowles, Jeffrey; Mehretu, David; Downs, J Anthony; Levy, Ira J (ILevy@goodwinprocter.com) |
| **Subject:** | Re: Church & Dwight Co. Inc. v. SPD Swiss Precision Diagnostics GmbH |

I can talk Thursday between 9 and 10:30 am or noon and 4:00 pm my time.

*Julie D. Greer*
Coblentz, Patch, Duffy & Bass LLP
One Ferry Building, Suite 200
San Francisco, CA 94111-4213
**Direct:** 415.772.5784 **Main:** 415.391.4800 **Fax:** 415.989.1663
**Email:** jgreer@coblentzlaw.com

On Jul 8, 2014, at 1:37 PM, "Vinti, Baldassare" <BVinti@proskauer.com> wrote:

> Dear Julie-
> We have not heard back from you concerning the below email. Given the upcoming September 5, 2014 fact discovery cut-off, we really need to be talking now about scheduling depositions and completion of document production. I'm available this evening to call you. Let me know when you're available to talk.
> Also, please send us SPD's Rule 26(a)(1) disclosures.
> Regards,
> Baldo
>
> **From:** Vinti, Baldassare
> **Sent:** Monday, July 07, 2014 10:37 PM
> **To:** 'Greer, Julia D.'
> **Cc:** Goldstein, Richard M.; Weinstein, Lawrence I.; Mervis, Michael T.; Warshafsky, Jeffrey H.; Yang, Jennifer; 'Knowles, Jeffrey'; 'Mehretu, David'; 'Downs, J Anthony'; 'Levy, Ira J (ILevy@goodwinprocter.com)'
> **Subject:** Church & Dwight Co. Inc. v. SPD Swiss Precision Diagnostics GmbH
>
> Dear Julie-
>
> Attached are courtesy copies of the following documents which have been mailed earlier today:
>
> - Church & Dwight's Rule 26(a)(1) disclosures
> - Church & Dwight's 1st set of interrogatories
> - 30(b)(6) notice of deposition
> - Notice of deposition of Ryan Daly
> - Notice of deposition of Mark Gittins.
>
> We have not received SPD's Rule 26(a)(1) disclosures. Please send them to us.

1

| | |
|---|---|
| **From:** | Greer, Julia D. |
| **Sent:** | Wednesday, July 23, 2014 9:45 AM |
| **To:** | 'Vinti, Baldassare' |
| **Cc:** | Knowles, Jeffrey; Mehretu, David; Goldstein, Richard M.; Mervis, Michael T.; Warshafsky, Jeffrey H.; Yang, Jennifer; Garcia, Rachael; Mariano, Fernando; Levy, Ira J (ILevy@goodwinprocter.com) |
| **Subject:** | RE: Church & Dwight v. SPD: Completion of document production. |

Dear Baldo,
In response to your proposal of yesterday to push the entire trial schedule back 30-45 days: we are willing to extend the deadline by which depositions must be completed until September 26, 2014. That will provide more than ample time for document review prior to depositions taking place. We are unwilling to extend any of the other pre-trial deadlines, or to postpone trial.

Mark Gittins can be available for deposition in the UK on September 5.
Julie

**From:** Vinti, Baldassare [mailto:BVinti@proskauer.com]
**Sent:** Monday, July 21, 2014 3:31 PM
**To:** Greer, Julia D.
**Cc:** Knowles, Jeffrey; Mehretu, David; Goldstein, Richard M.; Mervis, Michael T.; Warshafsky, Jeffrey H.; Yang, Jennifer; Garcia, Rachael; Mariano, Fernando
**Subject:** RE: Church & Dwight v. SPD: Completion of document production.

Julie-
We obviously don't agree with you. If we have to explore this in detail before the Court we are fully prepared to do so, but that's not why we emailed you. You've now made clear that SPD's document production will not be complete until the first week of August. Obviously, we will need to review those documents before we can tell you exactly who we want to depose and before there are any depositions of SPD witnesses. We're prepared to discuss working out a schedule that would allow for this to take place without significant delays. I'll call you tomorrow at 2pm your time to discuss.
Baldo

**From:** Greer, Julia D. [mailto:jgreer@coblentzlaw.com]
**Sent:** Monday, July 21, 2014 4:18 PM
**To:** Vinti, Baldassare
**Cc:** Knowles, Jeffrey; Mehretu, David; Goldstein, Richard M.; Mervis, Michael T.; Warshafsky, Jeffrey H.; Yang, Jennifer; Garcia, Rachael; Mariano, Fernando
**Subject:** RE: Church & Dwight v. SPD: Completion of document production.

Baldo,
I have no idea what you are referring to as "SPD's delays." Immediately following the Court's issuance of its discovery order, we produced to you not only the entirety of the 510(k) file you requested, but also an additional previous 510(k), three pre-IDE files, and all related FDA communications. We have also produced to you the entirety of FTC communications although we were not ordered to do so. Months ago we produced to you all post-clearance communications with FDA. As a result, you already have in your possession the entire core of the discovery you are seeking, with more being produced to you regularly.

1

Proskauer
Eleven Times Square
New York, NY 10036-8299
d 212.969.3249
f 212.969.2900
bvinti@proskauer.com

**********************************************************************************
***********************************************************
This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure.
If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them.
Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.
**********************************************************************************
***********************************************************