USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: FEB 2 5 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Church & Dwight Co. Inc.,

Plaintiff,

–v–

SPD Swiss Precision Diagnostics, GmbH,

Defendant.

---

14-cv-585

ORDER

ALISON J. NATHAN, District Judge:

On February 23, 2015, Plaintiff Church & Dwight Co. Inc. ("C&D") and Defendant SPD Swiss Precision Diagnostics, GmbH ("SPD") submitted via email motions to exclude each other's expert testimony under *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), and Rule 702 of the Federal Rules of Evidence.

First, under the most recent scheduling order in this case, which is based on the parties' own proposals, all remaining motions *in limine* were due February 3, 2015. Dkt. No. 185. As contemplated in prior orders, *see, e.g.,* Dkt. No. 127, and in discussions with the parties, *see, e.g.,* 08/12/14 Tr. 11:2-8; 17:1-15, there were to be three sets of motions *in limine*: (1) one set addressing SPD's "scope-of-the-case" argument, (2) another set addressing SPD's FDA preclusion argument, and (3) a catch-all set for any other motion *in limine*. SPD's scope-of-the-case motion *in limine* was to be, and in fact was, briefed first, but the second and third sets of motions *in limine* were to be briefed at the same time and due no later than February 3, 2015. *See, e.g.,* Dkt. Nos. 127, 160, 185. As far as the Court can recall, in none of the prior scheduling orders governing this case did the Court ever contemplate, much less discuss, an entirely separate deadline for motions *in limine* to exclude expert testimony under *Daubert* and Rule 702. Nor did the parties ever propose a separate deadline for such motions. *See* Dkt. Nos. 176, 180, 182. Put simply, the Court cannot ascertain how the parties determined that any motions pursuant to *Daubert* and Rule 702 would be due on February 23, 2015. Admittedly, there have been a number of scheduling changes and it is possible that the Court is overlooking an order on which the parties relied for their deadline. Therefore, no later than Friday, February 27, 2015, the

1

parties shall submit a joint letter explaining the basis for their conclusion that motions *in limine* to exclude expert testimony would be due sometime after February 3, 2015. If there is no support for such a deadline, the parties shall justify their failure to comply with the February 3, 2015 deadline and explain why the Court should not summarily deny their motions for failure to comply with the deadline (with citations to relevant legal authority).

Second, both parties submitted requests to redact portions of their motions *in limine* and related attachments. The Court is prepared to grant the requests to redact information that actually satisfies the Confidential definitions in the Protective Order and complies with prevailing Second Circuit case law. But, and as the parties should be well aware by now, the Court will not blindly approve redaction requests based on what appear to be in many instances overly expansive Confidential designations that were made during the course of discovery. *See, e.g.,* Dkt. No. 220, 227, 231. The Court recognizes that the parties may not know exactly what will be contained in their filings until right before they are submitted and that the parties may not want to reveal such information to their adversary beforehand. But the Court would appreciate a more conscientious approach to redactions than what has been exhibited to date.[1] Going forward, the Court will wait 24 hours before acting on a request for redactions. If a redaction request is based not on the submitter's own justification but instead on an adversary's Confidential designations, the adversary will have 24 hours to submit a letter to the Court justifying the proposed redaction. If no letter is received within that timeframe, the Confidential designation will be deemed waived. For the present filings, no later than Friday, February 27, 2015, each party shall submit a letter justifying the redactions that are based on their own Confidential designations but contained in their adversary's filings.

SO ORDERED.

Dated: February 25, 2015
New York, New York

_____
ALISON J. NATHAN
United States District Judge

---

[1] Indeed, the Court would happily entertain any proposal from the parties that would narrow and streamline the redaction requests before they are submitted to the Court.